IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | |
| ) | Case No. 08-20150-CM |
| ) | |
| JAMES ADAM JACKSON,      ) | |
| ) | |
| Defendant.      ) | |
| ) | |
| ) | |

### MEMORANDUM AND ORDER

This matter comes before the court on defendant's *pro se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 124.) Defendant argues he is eligible for relief based on § 3582(c)(2) and recent case law specific to plea agreements entered into pursuant to Fed. R. Crim. P. 11(c)(1)(C). For the following reasons, the court denies defendant's motion.

**I.   Factual and Procedural Background**

On March 30, 2009, defendant entered into a plea agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C) and pleaded guilty to 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine; and 18 U.S.C. § 924(c)(1), use and possession of a firearm in furtherance of a drug trafficking crime. (Doc. 33. at 1.) Pursuant to the plea agreement, the government and defendant proposed a term of imprisonment of 120 months for the drug offense and 60 months for the firearm offense, for a total term of imprisonment of 180 months. (*Id.* at 5.) The court adopted the Presentence Investigation Report ("PSIR"), which concluded that had defendant not entered into the plea agreement, his guideline imprisonment range would have been 210 to 262

months.[1]  On March 22, 2010, the court accepted the binding plea agreement and sentenced defendant to a total term of imprisonment of 156 months based on the proposed sentence set out in the plea agreement and the government's subsequent § 5K1.1 motion reflecting defendant's substantial assistance.  (Doc. 72.)  On January 12, 2012, defendant filed the current motion seeking a reduction of his sentence pursuant to § 3582(c)(2).  (Doc. 124.)

**II.  Legal Standards & Analysis**

**A.  Sentencing Guideline Range**

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's sentence when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission [and] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Defendant argues that § 3582(c)(2) entitles him to relief, but fails to mention any recently amended guidelines applicable to his sentence.  Rather, defendant focuses on his plea agreement, and cites *United States v. Freeman*, 131 S. Ct. 2685 (2011), for the proposition that defendants who enter into Rule 11(c)(1)(C) plea agreements that propose a specific sentence are eligible for relief under § 3582(c)(2).

The Court in *Freeman* addressed whether defendants who enter into binding plea agreements pursuant to Rule 11(c)(1)(C) are eligible for relief under § 3582(c)(2).  *Freeman*, 131 S. Ct. at 2690. In *Freeman,* petitioner entered into an 11(c)(1)(C) plea agreement and pleaded guilty to possession with intent to distribute cocaine base, among other crimes.  *Id.* at 2691.  In the plea agreement, the government and petitioner proposed a sentence of 106 months, which correlated directly with the sentencing guidelines.  *Id.*  The district court in *Freeman* accepted the binding plea agreement, and

---

[1] (PSIR ¶ 87.)  The court held defendant accountable for 22,923.65 grams of methamphetamine and 712.85 grams of marijuana, which resulted in a base offense level of 38.  (PSIR ¶¶ 35, 41.)  After receiving a three-level reduction for acceptance of responsibility, defendant's total offense level was 35.  (PSIR ¶ 50.)  Coupled with defendant's criminal history category of III, this resulted in an advisory guideline range of 210 to 262 months.  (PSIR ¶ 87.)

imposed the 106 month sentence, citing its application of the guidelines. *Id.* Three years later, petitioner filed a motion under § 3582(c)(2) for sentence reduction when those guidelines were subsequently lowered by the Sentencing Commission. *Id.* A plurality of the Court found that, although petitioner agreed on a proposed sentence in his 11(c)(1)(C) plea agreement, because petitioner's sentence was based on the guidelines, he was eligible for relief under § 3582(c)(2). *Id.* at 2693-95. However, the Court limited such relief stating, "when a defendant enters into an 11(c)(1)(C) agreement, the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." *Id.* at 2695. Thus, the Court held that defendants are entitled to relief under § 3582(c)(2) only if the sentence imposed is based on the sentencing guidelines. *Id.*

Defendant misinterprets the holding in *Freeman* and the nature of his plea agreement. Unlike the petitioner in *Freeman*, the court did not sentence defendant based on the sentencing guidelines. Pursuant to an 11(c)(1)(C) plea agreement, the parties may "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines . . . does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed. R. Crim. P. 11(c)(1)(C). Thus, the proposed sentence may reflect an agreement that the sentencing guidelines do not apply in a particular case. *Id.* Here, the court found that based on defendant's total offense level and criminal history, defendant's guideline range would have been 210 to 262 months. However, the court accepted the 11(c)(1)(C) plea agreement and sentenced defendant to a term of imprisonment of 156 months, departing downward from the sentencing guidelines. Although defendant entered into an 11(c)(1)(C) plea agreement that proposed a specific sentence, his sentence was not based on the applicable sentencing guidelines.

Accordingly, because the court did not sentence defendant based on the sentencing guidelines, he is not entitled to relief based on the Court's decision in *Freeman* or § 3582(c)(2).

Moreover, even if the court had sentenced defendant based on the sentencing guidelines, a motion for relief pursuant to § 3582(c)(2) explicitly requires the Sentencing Commission to subsequently lower those guidelines.  Defendant's offenses involved possession and distribution of methamphetamine and possession of a firearm in connection with a drug offense. Based on the drug amounts attributed to defendant, the court found defendant had a total offense level of 35.  Coupled with his criminal history category of III, defendant's advisory guideline range was 210 to 262 months. Unlike the Petitioner in *Freeman* who was sentenced based on the crack cocaine guidelines that were subsequently lowered, the Sentencing Commission has not amended any of the guidelines applicable to the defendant.  Specifically, the amount of methamphetamine possessed by defendant still provides for a base offense level of 38.[2]  Thus, the guidelines that would have been applicable to defendant had he not entered into the plea agreement remain unchanged by the Sentencing Commission.

Therefore, because neither defendant's sentence or his plea agreement were based on any guidelines that have subsequently been lowered, he is not entitled to relief under § 3582(c)(2).

**IT IS THEREFORE ORDERED** that defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 is denied.

Dated this 1st day of May, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**

---

[2] Pursuant to § 2D1.1 and application note 10(D) of the sentencing guidelines, which have remained unchanged since defendant's sentencing, the 22,923.65 grams of methamphetamine attributed to defendant are converted to 45,847.3 kilograms of marijuana.  According to the drug quantity table, 30,000 kilograms or more of marijuana provides a base offense level of 38.  U.S.S.G. § 2D1.1(c).  Applying defendant's three-level reduction for acceptance of responsibility, defendant's total offense level remains 35.  (PSIR ¶ 50.)